**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 13-7774
_____

PORFIRO R. BARNES,

             Plaintiff - Appellant,

      v.

WARDEN S. K. YOUNG; A. W. MEEK, Asst Warden; E. J. EATON,
Unit Manager/Bldg A-1; JERALD HOPKINS, Facility Doctor; S.
YATES, RNCB Head Nurse; A. OSBORNE, Pill Nurse; DIRECTOR
FRED SCHILLING, Health Services Director-VA DOC,

             Defendants - Appellees.

_____

Appeal from the United States District Court for the Western
District of Virginia, at Roanoke.   Norman K. Moon, Senior
District Judge.  (7:12-cv-00067-NKM-RSB)

_____

Submitted: March 31, 2014          Decided: April 10, 2014

_____

Before WILKINSON, NIEMEYER, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Porfiro R. Barnes, Appellant Pro Se.   Kate Elizabeth Dwyre,
OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia;
Mary Foil Russell, HALE, LYLE & RUSSELL, PC, Bristol, Tennessee,
for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Porfiro R. Barnes appeals the district court's order granting summary judgment to Defendants on his 42 U.S.C. § 1983 (2006) claims of deliberate indifference to his serious medical needs and his claims that Defendants violated the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132 (2006), and the Rehabilitation Act, 29 U.S.C. § 794 (2012). We have reviewed the record and find no reversible error with regard to Barnes' § 1983 and Rehabilitation Act claims. Accordingly, we affirm for the reasons stated by the district court. Barnes v. Young, No. 7:12-cv-00067-NKM-RSB (W.D. Va. Sept. 13, 2013).

With regard to Barnes' ADA claims, we note that "Title II of the ADA . . . [does not] provide[] for individual capacity suits against state officials." Garcia v. S.U.N.Y. Health Sciences Ctr., 280 F.3d 98, 107 (2d Cir. 2001) (collecting cases). As a result, such a suit may only be brought against a defendant in an official capacity. "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989) (internal citation omitted). Under the Eleventh Amendment, States are immunized from suits brought in federal court, absent a waiver from the State or a clear,

2

constitutionally permissible Congressional exercise of its power under the Fourteenth Amendment. See id. at 66. The ADA creates an exception to this prohibition, however, where the ADA violations at issue also violate the Fourteenth Amendment. See United States v. Georgia, 546 U.S. 151, 153, 159 (2006). Because we affirm the district court's grant of summary judgment on Barnes' § 1983 claims, we conclude that Barnes' ADA claims are barred.

We deny Barnes' motion to appoint counsel and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED